```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

GUADALUPE V. LOZANO,              §
                                  §
     Plaintiff,                   §
                                  §
v.                                §     CIVIL ACTION NO. H-08-3069
                                  §
ROGER L. SCHOELLERMAN and RON     §
SCHOELLERMAN TRUCKING, INC.,      §
                                  §
     Defendants.                  §

## MEMORANDUM AND ORDER

Pending is Plaintiff Guadalupe V. Lozano's Motion to Remand (Document No. 5). After having considered the motion, response, reply, and the applicable law, the Court finds for the reasons set forth below that the motion should be denied.

Plaintiff Guadalupe V. Lozano ("Plaintiff") brought this action in state court against Roger L. Schoellerman and Ron Schoellerman Trucking, Inc. (collectively "Defendants") to recover damages for injuries sustained in a vehicular collision that occurred in Houston, Texas.[1] On October 16, 2008, Defendants timely removed the case on the basis of "jurisdiction pursuant to 28 U.S.C. § 1332, and removal [being] proper pursuant to 28 U.S.C. § 1441."[2] Plaintiff then moved for remand, contending that

---

[1] Document No. 1, ex. (Orig. Pet.).

[2] Document No. 1.

Defendants' Notice of Removal was defective because it (1) alleged diversity of *residency*, as opposed to *citizenship*; and (2) failed to plead an amount in controversy.[3]  On November 19, 2008, after the removal period, Defendants filed an Amended Notice of Removal wherein they alleged that the parties' *citizenship* was diverse and that the amount in controversy "is clearly more than $75,000."[4]  In response to Plaintiff's Motion to Remand, Defendants further documented the amount in controversy by evidencing a pre-suit settlement demand letter on behalf of Plaintiff for $750,000, and a pre-removal workers' compensation lien update prepared by Plaintiff's employer's compensation claims administrator asserting a current lien of $85,505.86, for which the employer demanded full reimbursement.[5]

Plaintiff concedes that Defendants sufficiently amended their Notice of Removal to allege the parties' citizenship.[6]  However, Plaintiff contends that remand is required because Defendants'

---

[3] Document No. 5.

[4] Document No. 6.

[5] Document No. 7, exs. C & D.

[6] Document No. 8 at 3; *see also* Sagaral v. Wal-Mart Stores Tex. LP, No. Civ.A. H-05-3599, 2005 WL 3465841, at *1 (S.D. Tex. Dec. 19, 2005) (Rosenthal, J.) ("When, as here, there is a defective (as opposed to a missing) allegation of jurisdiction in a notice of removal, a party may amend the notice to cure the defect.  An amendment to replace allegations of residence with allegations of citizen is a mere correction of a technical defect." (internal citation omitted)).

original Notice of Removal "failed to plead the amount in controversy exceeded $75,000."[7] According to Plaintiff, such an omission cannot be cured after the removal period because it amounts to adding allegations of jurisdiction, which is impermissible.[8]

Plaintiff, whose petition in state court did not allege a specific amount in controversy, makes no contention that his case does not actually involve a controversy in excess of $75,000, exclusive of interest and costs. Instead, Plaintiff contends that Defendants in their removal petition were additionally required to spell out that the amount in controversy exceeded $75,000 and that their failure to do so requires a remand. The facts are that Defendants specifically relied upon 28 U.S.C. §§ 1441 and 1446 for removal, and specifically cited 28 U.S.C. § 1332 as the basis for this Court's jurisdiction. The Notice of Removal alleges:

> "This Court has jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. [§] 1441."

---

[7] Document No. 8.

[8] "Pursuant to 28 U.S.C. § 1653, [a] notice of removal may be amended to cure defective allegations of jurisdiction. However, after the 30-day removal period expires, § 1653 does not allow amendments to the notice of removal to add wholly new grounds for removal or to add missing allegations of jurisdiction." Zaini v. Shell Oil Co., 853 F. Supp. 960, 964 n.2 (S.D. Tex. 1994).

Section 1332(a) specifically provides, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different states; . . ." Section 1441(a) authorizes Defendants to remove to federal court any case over which the district courts of the United States have original jurisdiction, and thereby authorizes the removal of a case from state court over which the federal court has jurisdiction under § 1332.  Defendants' assertion of federal jurisdiction under § 1332, and their removal under § 1441, was timely made by filing a Notice of Removal within the thirty-day period prescribed by § 1446(b).  Defendants' allegation that the Court has jurisdiction under § 1332 effectively asserts that more than $75,000 is in controversy; otherwise, § 1332 could not be invoked.  It is commonplace for parties to cite and rely upon federal statutes without quoting the specific language of the statute to effectuate that reliance.  When one pleads that the requirements of a statute are met, the language of that statute is incorporated by reference.

    Plaintiff's petition on its face appears to involve substantial damages (diminished earning capacity, physical incapacity and disability, past and future disfigurement and physical impairment, physical pain and mental suffering, etc.), but no specific amount is alleged.  After removal under § 1332, and if

4

the amount of damages is not facially apparent in the petition, the removing defendant may establish the amount in controversy at the time of removal by post-removal affidavits or other evidence.  "In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount."  St. Paul Reins. Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also* White v. FCI USA, Inc., 319 F.3d 672, 675 (5th Cir. 2003) (per curiam).  Post-removal affidavits or other evidence may be considered, but only insofar as they shed light upon the amount in controversy at the time of removal.  De Aguilar v. Boeing Co., 11 F.3d 55, 57-58 (5th Cir. 1993); Fairchild v. State Farm Mut. Auto. Ins. Co., 907 F. Supp. 969, 971 (M.D. La. 1995) ("[T]he settlement letter is valuable evidence to indicate the amount in controversy at the time of removal." (citing Wilson v. Belin, 20 F.3d 644, 651 n.8 (5th Cir. 1994)).  If the defendant satisfies its burden, a plaintiff may defeat removal by proving to a legal certainty that the damages sought are less than $75,000.  *See* De Aguilar v. Boeing Co. (De Aguilar II), 47 F.3d 1404, 1412 (5th Cir. 1995).

 As observed above, Defendants here produced Plaintiff's pre-removal settlement demand and Plaintiff's employer's pre-removal workers' compensation lien, both of which demonstrate that it is more likely than not that Plaintiff's claims exceed $75,000,

exclusive of interest and costs. Plaintiff's settlement demand, in fact, which lists numerous injuries suffered by Plaintiff in the accident and the costs of past and future treatments for same, demands in *settlement* a sum that is ten times the jurisdictional minimum. Plaintiff denies none of this. Defendants have easily established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.

Finally, the proof made by Defendants that the amount in controversy exceeds $75,000, exclusive of interest and costs, establishes that Defendants' removal on the basis of 28 U.S.C. § 1332 was authorized by § 1441. Contrary to Plaintiff's argument, Defendants' proof of the amount in controversy in no way changed or "added" to Defendants' jurisdictional grounds for removal, which at all times relied solely on 28 U.S.C. § 1332.

Accordingly, it is

ORDERED that Guadalupe Lozano's Motion to Remand (Document No. 5) is DENIED.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this <u>28th</u> day of January, 2009.

                                              *Ewing Werlein, Jr.*
                                              EWING WERLEIN, JR.
                                          UNITED STATES DISTRICT JUDGE